IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARVIN JONES, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-18-1833 |
| LT. SMITH, et al., | * | |
| Defendants. | * | |

*****

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendants Lieutenant Smith, Sergeant Daddysman, Officer E. Niland,[1] and Officer Lee's (collectively, "WCI Defendants") Motion to Dismiss (ECF No. 13). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2018). For the reasons outlined below, the Court will grant the Motion.

## I. BACKGROUND[2]

Plaintiff Marvin Jones is incarcerated at Western Correctional Institution ("WCI") in Cumberland, Maryland. (Compl. at 1, ECF No. 1).[3] In 2011, "an incident took place"

---

[1] The Court will direct the Clerk to correct the spelling of Officer Niland's name on the docket.

[2] Unless otherwise noted, the Court takes the following facts from Jones's Complaint and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

[3] Citations to the Complaint and Jones's other filings in this case refer to the pagination the Court's Case Management and Electronic Case Files ("CM/ECF") system assigned.

between Jones and Officer Scarpelli, a corrections officer at WCI.[4] (Id. at 2; see also Aug. 27, 2018 Correspondence, ECF No. 16). As a result, Jones was place in segregation, and was ultimate transferred out of WCI. (Compl. at 2). Seven years later, Jones was transferred back to WCI. (Id. at 3). Since his return to WCI, gang members have robbed him, he "robbed them back," and they "put [a] murder for hire [contract] out on [his] life." (Id.). Jones told "staff" at WCI that he cannot be safely housed in Maryland. Instead of addressing Jones's concerns, WCI staff placed him in cells with gang members that he is "at odds with." (Id.). Jones also is "not being properly medically treated," but he does not provide any details related to this allegation. (Id.).

On June 29, 2018, Jones sued Smith, Daddysman, Niland, Lee, and WCI Staff[5] under 42 U.S.C. § 1983 (2018). (ECF No. 1). In his Complaint, Jones alleges that Defendants violated: (1) his due process rights under the Fourteenth Amendment to the U.S. Constitution; and (2) the Eighth Amendment's prohibition against cruel and unusual punishment. (Compl. at 3). Jones seeks monetary compensation because he has been assaulted and asks to be placed in protective custody or transferred out of state. (Id.).

---

[4] In Jones v. M. Randle, et al., No. GLR-12-1918 (D.Md. May 23, 2013), Jones alleged that on August 11, 2011, WCI corrections officers, none of whom is named as a Defendant in this case, used excessive force against him after he admitted to assaulting Officer Scarpelli. The Court granted the defendants' motion for summary judgment in that case. Jones v. Randle, No. GLR-12-1918, 2013 WL 2295669, at *5 (D.Md. May 23, 2013).

[5] Using the term "'staff' or the equivalent as a name for alleged defendants, without [ ] naming specific staff members, is not adequate to state a claim against a 'person' as required in a [§] 1983 actions." See, e.g., Gottleib v. Balt. City Det. Ctr., No. RDB-16-51, 2016 WL 6072348, at *1 n.1 (D.Md. Oct. 13, 2016); Harris v. Balt. City Det. Ctr., No. PWG-14-217, 2014 WL 994377, at *1–2 (D.Md. Mar. 13, 2014) (quoting Brownlee v. Williams, No. 2:07–0078 DCN RSC, 2007 WL 904800, at *2 (D.S.C. Mar. 22, 2007)). Accordingly, the Court will dismiss "WCI Staff."

On July 6, 2018, the Court entered an Order granting Jones twenty-eight days to supplement his Complaint to: "(1) state what wrongdoing he alleges Defendants Lt. Smith, Sgt. Daddysman, E. Niland, and Officer Lee committed; (2) the dates and places where these actions or omissions occurred; (3) to whom and when he complained that his life is in danger; (4) when the three assaults occurred and who assaulted him; and (5) provide facts to support his claim that he is not receiving proper medical treatment. (July 6, 2018 Order at 2–3, ECF No. 3).[6] The Court also cautioned Jones that failure to provide this information could result in dismissal of the Complaint without prejudice and without further notice. (Id. at 2).

On August 1, 2018, Jones sent a letter to the Court concerning his inmate account statement. (Aug. 1, 2018 Ltr., ECF No. 8). On August 8, 2018, Jones submitted a copy of what seems to be a portion of his medical records from 2012, listing various prescriptions medications. (Aug. 8, 2018 Ltr. at 2, ECF No. 9).[7] In his August 8, 2018 correspondence,

---

[6] Also on July 6, 2018, the Court ordered counsel for the Department of Public Safety and Correctional Services ("DPSCS") to file a status report within twenty-one days addressing Jones's safety and housing. (July 6, 2018 Order ¶ 1). On July 18, 2018, counsel for DPSCS filed the Court-ordered status report (the "Status Report"), (ECF No. 5), along with a declaration from Michael Yates, a Correctional Case Management Supervisor, (Yates Decl. ¶ 1, ECF No. 5-1). Yates avers that Jones is on administrative segregation and there is an ongoing investigation into Jones's claims that his life is in danger. (Id. ¶ 3). Yates further avers that Jones will remain on administrative segregation until the investigation is completed. (Id.). Additionally, DPSCS has implemented other safety precautions to protect Jones: while on administrative segregation, Jones will come in contact only with his cellmate, Melvin Mason, who is not a validated member of a security threat group; Jones will be escorted by an officer whenever he leaves his cell; and he will have shower and recreation time only with his cellmate. (Id. ¶ 4).

[7] To the extent Jones intended the August 8, 2018 correspondence to serve as a supplement responding to the Court's July 6, 2018 Order, it will be deemed timely filed. See Fed.R.Civ. R. 6(b) &(d).

3

Jones also states that he filed "papers" with the Inmate Grievance Office ("IGO"), likely referring to his use of the Administrative Remedy Procedure ("ARP") process at WCI, but he does not identify the subject of these filings. (Id. at 1). Importantly, neither of these filings comply with the Court's Order to supplement his Complaint.

On August 17, 2018, WCI Defendants filed their Motion to Dismiss. (ECF No. 13). Jones filed an Opposition on September 6, 2018. (ECF No. 17). To date, the Court has no record that WCI Defendants filed a Reply.

## II. DISCUSSION

The purpose of a motion under Federal Rule of Civil Procedure 12(b)(6) is to "test[ ] the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank

of America, N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd sub nom., Goss v. Bank of America, NA, 546 F.App'x 165 (4th Cir. 2013).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. Albright v. Oliver, 510 U.S. 266, 268 (1994); Lambeth v. Bd. of Comm'rs, 407 F.3d 266, 268 (4th Cir. 2005) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). But, the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 678. The Court recognizes that as a self-represented plaintiff, Jones is held to a "'less stringent'" standard than a lawyer, and the Court must liberally construe his Complaint. Erickson, 551 U.S. at 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

**B.**     **Analysis**

WCI Defendants contend that Jones fails to state a claim against them because, while Jones names WCI Defendants in the caption of the Complaint, he does not provide any factual allegations against them in the text of the pleading. As a result, WCI Defendants argue, Jones fails to present facts that would permit the Court to infer that any of them engaged in the conduct alleged in the Complaint.[8] The Court agrees with WCI Defendants.

---

[8] In his Opposition, Jones does not address WCI Defendants' arguments. Instead, he provides factual details as to his allegations against them and attempts to add a new

5

Here, Jones fails to allege how any of WCI Defendants were responsible for the matters at issue. The Court's July 6, 2018 Order directing Jones to supplement his Complaint noted this deficiency and provided a blueprint for correcting it. Jones did not correct this deficiency, and therefore the Court will dismiss the Complaint without prejudice. See Goode v. Cent.Va. Legal Aid Soc'y, Inc., 807 F.3d 619, 624 (4th Cir. 2015).

## III. CONCLUSION

For the foregoing reasons, the Court will grant WCI Defendants' Motion to Dismiss (ECF No. 13) and dismiss Jones's Complaint without prejudice. The Court will also dismiss WCI Staff as a Defendant. A separate Order follows.

Entered this 26th day of March, 2019.

/s/
George L. Russell, III
United States District Judge

---

claim against Lee. Specifically, Jones alleges that Lee assaulted him by "repeatedly slam[ing] [his] left hand in the feed-up slot." (Pl.'s Opp'n at 5, ECF No. 17). He also alleges that Nurse Bernice, who is not a Defendant in this case, tried to cover up the injury to his left hand. (Id.). Jones is, however, "bound by the allegations contained in its complaint and cannot, through the use of motion briefs, amend the complaint." Zachair, Ltd. v. Driggs, 965 F.Supp. 741, 748 n.4 (D.Md. 1997), aff'd, 141 F.3d 1162 (4th Cir. 1998). Accordingly, the Court does not consider these allegations.

    Likewise, on August 22, 2018, Jones submitted correspondence in which he states that when he returned to WCI in June 2017, he informed Niland, Daddysman, and Smith of his "problem,"(Aug. 22, 2018 Ltr. at 2, ECF No. 15), but provides no further details. Jones asserts that instead of placing him in administrative segregation, he was placed in segregation; his enemies were placed in the cell with him; and this placement lasted more than one year. (Id.). Jones also alleges that he has been "assaulted by officers and inmates," his food is "played with" by adding bodily fluids and dog saliva, and inmates and officers taunt him by making dog noises. (Id.). Like the allegations in his Opposition, these allegations are not properly before the Court. See Zachair, 965 F.Supp. at 748 n.4. Accordingly, the Court does not consider them. Jones may, however, pursue the claims in his Opposition and correspondence in a separate Complaint if he so chooses.